UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

SAMANTHA SOMAI, infant by CHRISTINA    :
RIVERA, as mother and natural guardian and    :
CHRISTINA RIVERA, individually,    :       ECF Case
                                     :
              Plaintiffs,            :
                                     :       08 Civ. 3151 (BSJ)
        -against-                    :
                                     :
MORRIS HEIGHTS HEALTH CENTER,        :
INC., d/b/a MORRIS HEIGHTS HEALTH    :
CENTER, and WANDA McCOY, M.D.,       :
                                     :
              Defendants.            :

------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE
THE UNITED STATES AS DEFENDANT FOR DEFENDANTS MORRIS HEIGHTS
HEALTH CENTER AND WANDA McCOY, M.D., AND
TO DISMISS THE COMPLAINT AS AGAINST THE UNITED STATES**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

*Attorney for the United States
and for Defendants Morris Heights
Health Center and Wanda McCoy, M.D.*

TOMOKO ONOZAWA
Assistant United States Attorney
    – Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................. 1

BACKGROUND ............................................................. 2

    A.    Plaintiffs' Complaint Alleges Negligence Regarding
        The Provision of Medical Services ................................. 2

    B.    The Defendants Were Employees Of The
        United States At All Times Relevant To The Complaint ............. 3

    C.    The Defendants Were Acting Within The
        Scope Of Their Employment At All Times
        Relevant To The Complaint ....................................... 3

    D.    The Action Was Removed To Federal Court ......................... 3

    E.    Plaintiffs Failed To File An Administrative Tort
        Claim ........................................................... 4

ARGUMENT ............................................................... 4

    I.    THE UNITED STATES SHOULD BE SUBSTITUTED
        FOR DEFENDANTS MORRIS HEIGHTS AND DR. McCOY
        AS A PARTY DEFENDANT ........................................... 4

    II.   THE CLAIMS AGAINST THE UNITED STATES
        SHOULD BE DISMISSED BECAUSE THE COURT
        LACKS SUBJECT MATTER JURISDICTION OVER
        THOSE CLAIMS ................................................... 6

        A.    Plaintiffs Bear The Burden Of Proving Subject
            Matter Jurisdiction Under Rule 12(b)(1) ....................... 7

        B.    This Court Lacks Subject Matter Jurisdiction Over
            Plaintiffs' Claims Against The United States
            Because Plaintiffs Failed To File An Administrative
            Tort Claim Before Commencing This Action .................... 7

CONCLUSION ............................................................. 9

# TABLE OF AUTHORITIES

**Cases**:

*Celestine v. Mount Vernon Neighborhood Health Ctr.*,
   403 F.3d 76 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7, 8

*Chayoon v. Chao*, 355 F.3d 141 (2d Cir. 2004) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re "Agent Orange" Prod. Inst.*, 818 F.2d 210 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . 8

*Johnson v. Smithsonian Inst.*, 189 F.3d 180 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Luckett v. Bure*, 290 F.3d 493 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McNeil v. United States*, 508 U.S. 106 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rivera v. United States*, 928 F.2d 592 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) . . . . . . . . . . . . . . . . 7

**Statutes, Rules, and Regulations**:

Public Health Service Act § 224, 42 U.S.C. § 233 . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

28 U.S.C. § 1346(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 2401(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §§ 2671-80 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 2675(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 2679 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

28 C.F.R. § 15.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 6

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7

Defendants Morris Heights Health Center, Inc., d/b/a Morris Heights Health Center ("Morris Heights") and Wanda McCoy, M.D. ("Dr. McCoy") (collectively, "Defendants"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum in support of their motion to substitute the United States as defendant and to dismiss the Complaint against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

Infant-plaintiff Samantha Somai, by her mother and natural guardian Christina Rivera (collectively, "Plaintiffs"), commenced this medical malpractice action against Morris Heights and Dr. McCoy, on or about October 5, 2007, in the Supreme Court of the State of New York, Bronx County. Dr. McCoy was, at all relevant times, an employee of Morris Heights. Pursuant to section 224 of the Public Health Service Act, 42 U.S.C. § 233, Morris Heights and its employees, including Dr. McCoy, were deemed to be employees of the United States for tort actions seeking damages for injuries allegedly resulting from the provision of medical services effective June 23, 1996 ("the deeming date"). Michael J. Garcia, the United States Attorney for the Southern District of New York, has certified pursuant to 28 C.F.R. § 15.4(a) that the Defendants were acting within the scope of their federal employment at the times alleged in the Complaint.

The United States should be substituted as a defendant for Morris Heights and Dr. McCoy. Plaintiffs allege that Morris Heights and Dr. McCoy committed negligent acts and omissions from April 15, 2005, which time period was after the deeming date and, as certified by the United States Attorney, during the course of their federal employment. Under section 224(a)

of the Public Health Service Act, 42 U.S.C. § 233(a), an action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (the "FTCA"), is the exclusive remedy with respect to these claims. Thus, the United States should be substituted as the proper defendant because Morris Heights and Dr. McCoy were "acting within the scope of [their] office or employment at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679(d)(1); *see also* 42 U.S.C. § 233(c) ("Upon certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in State court shall be removed . . . and deemed a tort action brought against the United States . . . .").

Upon substitution of the United States as defendant in place of Morris Heights and Dr. McCoy, the Court should dismiss the Complaint as against the United States for lack of subject matter jurisdiction. The FTCA requires tort claimants, as a condition of the Government's waiver of its sovereign immunity, to exhaust administrative remedies before commencing an action in federal court. Here, Plaintiffs did not file an administrative claim with the United States Department of Health and Human Services ("HHS") as required by the FTCA. Accordingly, all claims against the United States should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

### A. Plaintiffs' Complaint Alleges Negligence Regarding The Provision Of Medical Services

On or about October 5, 2007, Plaintiffs filed a Summons and Verified Complaint in the Supreme Court of the State of New York, Bronx County, against Morris Heights and Dr. McCoy.

*See* Declaration of Tomoko Onozawa dated April 4, 2008 ("Onozawa Decl."), Ex. 1. The Complaint alleges that, beginning on or about April 15, 2005 and continuously thereafter, infant-plaintiff Samantha Somai received negligent medical care that has led to unspecified personal injuries. *Id.* at ¶¶ 12-15. Plaintiffs seek an unspecified amount of damages. *Id.* at ¶¶ 24, 28.

### B. The Defendants Were Employees Of The United States At All Times Relevant To The Complaint

Pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 *et seq.*, Morris Heights and its employees such as Dr. McCoy, were deemed to be employees of the United States Government effective June 23, 1996. *See* 42 U.S.C. § 233(a), (g)-(n); Declaration of Meredith Torres, dated March 28, 2008 ("Torres Decl.") ¶ 5. Dr. McCoy was an employee of Morris Heights at all times relevant to the Complaint. Torres Decl. ¶ 6. Therefore, Morris Heights and Dr. McCoy were employees of the United States at all times relevant to the Complaint.

### C. The Defendants Were Acting Within the Scope Of Their Employment At All Times Relevant To The Complaint

On March 25, 2008, United States Attorney Michael J. Garcia certified, pursuant to 28 U.S.C. § 2679 and 28 C.F.R. § 15.4(a), that Defendants were acting within the scope of their federal employment at the time of the alleged incidents giving rise to this action. *See* Onozawa Decl., Ex. 2.

### D. The Action Was Removed To Federal Court

On March 28, 2008, this action was removed to this Court pursuant to the provisions of 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(2). *See* Onozawa Decl., Ex. 3; *see generally Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80-82 (2d Cir. 2005) ("The

Government can, therefore, choose to remove a case from state court by proceeding pursuant to [42 U.S.C.] § 233(c) . . . . If so, the Attorney General, or his designee, must, at any time before the state trial begins, formally certify the status of the named defendant as a federal employee.").

### E. Plaintiffs Failed To File An Administrative Tort Claim

Plaintiffs have failed to file any administrative claim with HHS, the appropriate federal agency, before filing this action. *See* Torres Decl. at ¶¶ 2-4.

## ARGUMENT

### I. THE UNITED STATES SHOULD BE SUBSTITUTED FOR DEFENDANTS MORRIS HEIGHTS AND DR. McCOY AS A PARTY DEFENDANT

As a preliminary matter, the United States should be substituted as defendant with respect to the tort claims alleged against Morris Heights and Dr. McCoy.

The Public Health Service Act provides that eligible community health centers and their employees are employees of the Public Health Service for certain purposes. 42 U.S.C. § 233(g). The Secretary of Health and Human Services deems a community health center a Public Health Center after the center has qualified for certain federal assistance, *see* 42 U.S.C. § 233(g)(1)(D)-(G). "In instances where a tort action is brought against a federally funded public health center [or its employee] . . . for conduct within the scope of its federal employment, the Attorney General (or . . . one of his designees) may certify that the health center [or its employee] was indeed acting as a federal employee at the time of the incident." *Celestine*, 403 F.3d at 80. "Upon certification, the action may then be removed to federal court." *Id.* "Once such a case is removed, the United States can replace the named defendant as the allegedly liable party – and the case proceeds as a FTCA suit." *Id.*

The United States replaces any named employee of the Public Health Service as defendant because, under the Public Health Service Act, the FTCA is "the exclusive remedy for specified actions against members of the Public Health Service." *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000) (citing 42 U.S.C. § 233(a)). Section 233(a) expressly provides:

> The remedy against the United States provided by [the FTCA] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, *shall be exclusive* of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added). This provision of the Public Health Service Act, like the FTCA generally, "allow[s] recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, . . . immunize[s] such employees and agents from liability for negligent or wrongful acts done in the scope of their employment."[1] *Celestine*, 403 F.3d at 80. The Public Health Service Act thus protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions . . . ." *Cuoco*, 222 F.3d at 108 (citing 42 U.S.C. § 233(a)).

Here, the Secretary of Health and Human Services deemed Morris Heights and its employees to be Public Health Service employees for purposes of the Public Health Service Act and federal employees for the purposes of the FTCA, effective June 23, 1996. *See* Torres Decl.,

---

[1] While the Public Health Service Act specifically applies to employees of the Public Health Service, the FTCA, which applies generally to all federal employees, similarly provides that a suit against the United States is the exclusive remedy for damages for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and provides government officers and employees acting within the scope of their employment with absolute immunity from claims of common-law tort, *see Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991).

Ex. 1. Pursuant to 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4(a),[2] Michael J. Garcia, United States Attorney for the Southern District of New York, has certified that Morris Heights and Dr. McCoy were acting within the scope of their employment as designated employees of the United States at the time of the incidents alleged in the Complaint. *See* Onozawa Decl., Ex. B.

The United States Attorney's certification provides the basis for substituting the United States as a defendant. *See* 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment … the proceeding [shall be] deemed a tort action brought against the United States."); 42 U.S.C. § 233(a) ("The remedy against the United States provided by [the FTCA] … shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim."). Therefore, Plaintiffs' claims against Morris Heights and Dr. McCoy should be dismissed, and the United States should be substituted as defendant. *See Celestine*, 403 F.3d at 80-82.

## II.   THE CLAIMS AGAINST THE UNITED STATES SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THOSE CLAIMS

Once the United States is substituted as defendant for Morris Heights and Dr. McCoy, this Court should dismiss the FTCA action against the United States under Rule 12(b)(1) of the

---

[2] Section 15.4(a) of Title 28 of the Code of Federal Regulations provides:

> The United States Attorney for the district where the civil action or proceeding is brought … is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

28 C.F.R. § 15.4(a).

6

Federal Rules of Civil Procedure for lack of subject matter jurisdiction due to Plaintiffs' failure to file an administrative claim with HHS prior to commencing this suit. *Celestine*, 403 F.3d at 84-85.

### A. Plaintiffs Bear The Burden Of Proving Subject Matter Jurisdiction Under Rule 12(b)(1)

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it.'" *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* at 496-97.

### B. This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Against The United States Because Plaintiffs Failed To File An Administrative Tort Claim Before Commencing This Action

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82 (*citing McNeil v. United States*, 508 U.S. 106, 113 (1993) and *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). The exhaustion requirement states: "An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate federal agency . . . ." 28 U.S.C. § 2675(a). *See also* 28 U.S.C. § 2401(b); *Celestine*, 403 F.3d at 82. The requirement is jurisdictional because a motion invoking sovereign immunity is a motion to dismiss for lack of subject matter jurisdiction, *see Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004) (per curiam),

and compliance with the FTCA's administrative exhaustion requirement is a condition for the United States' waiver of sovereign immunity, *see Celestine*, 403 F.3d at 82-83. Thus, "[u]nless a plaintiff complies with the [exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). This jurisdictional requirement "extends to all suits, including those begun in state court." *Celestine*, 403 F.3d at 82.

Plaintiffs bear the burden "to both plead and prove compliance with the statutory requirements," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *In re "Agent Orange" Prod. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). Here, Plaintiffs' complaint does not allege that Plaintiffs presented an administrative claim with respect to the Defendants' alleged negligence. *See* Onozawa Decl., Ex. A. Nor could Plaintiffs have pleaded compliance -- they did not file an administrative claim with the appropriate federal agency prior to commencing suit. *See* Torres Decl. ¶¶ 2-4. Accordingly, because Plaintiffs failed to exhaust administrative remedies prior to commencing their action against the Defendants, their claims against the United States must be dismissed for lack of subject matter jurisdiction. *See Celestine*, 403 F.3d at 84; *see also In re "Agent Orange" Prod. Litig.*, 818 F.2d at 214.

## CONCLUSION

For the foregoing reasons, Morris Heights, Dr. McCoy, and the United States respectfully request that the Court: (i) substitute the United States as defendant in place of Morris Heights and Dr. McCoy, and, upon substitution, (ii) dismiss the Complaint as against the United States for lack of subject matter jurisdiction.

Dated: New York, New York
      April 4, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:    /s/ Tomoko Onozawa
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2686