UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SAMANTHA SOMAI, infant, by CHRISTINA : 
RIVERA, as mother and natural guardian,
and CHRISTINA RIVERA, individually,    :

                    Plaintiffs,    :

    -against-    :

MORRIS HEIGHTS HEALTH CENTER,    :
INC., d/b/a/ MORRIS HEIGHTS HEALTH
CENTER, and WANDA McCOY, M.D.,    :

                   Defendants.    :

------------------------------------------------------------x

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
BARBARA S. JONES**

08 Civ. 3151 (BSJ)(FM)

**FRANK MAAS**, United States Magistrate Judge.

I.    Introduction

        Plaintiff Samantha Somai ("Somai"), by her mother and natural guardian Christina Rivera, and Christina Rivera individually ("Plaintiffs"), have commenced this medical malpractice action against defendants Morris Heights Health Center ("Morris Heights") and Dr. Wanda McCoy ("Defendants").  The Defendants have now moved to substitute the United States as the proper defendant and to dismiss the complaint for lack of subject matter jurisdiction because the Plaintiffs failed to exhaust their administrative remedies.  For the reasons set forth below, I recommend that this motion be granted.

II.     Background

On October 5, 2007, the Plaintiffs commenced this action in the Supreme Court of the State of New York, Bronx County, by the filing of a summons and verified complaint. (See Decl. of Ass't U.S. Att'y Tomoko Onozawa, dated Apr. 4, 2008 ("Onozawa Decl."), Ex. 2). Their complaint alleges that on April 15, 2005, and thereafter, Somai received negligent medical care, for which she seeks to recover an unspecified amount of damages. (Id. Ex. 2 ¶¶ 12-16). Before the suit was filed, the Plaintiffs did not submit an administrative claim to the Department of Health and Human Services ("HHS"). (Decl. of Meredith Torres, dated Mar. 28, 2008 ("Torres Decl."), ¶¶ 2-4).

When the medical treatment occurred, Morris Heights was a community health center deemed to be an employee of the United States government. (See Onozawa Decl. Ex. 1 (Notice of Removal ¶ 3)). Accordingly, both Morris Heights and its employee, Dr. McCoy, were entitled to Federal Tort Claims Act ("FTCA") coverage, provided that they were acting within the scope of their employment. (Torres Decl. ¶¶ 5-6 & Ex. 1). On March 25, 2008, the United States Attorney for the Southern District of New York certified that the Defendants were acting within the scope of their employment. (Onozawa Decl. Ex. 3). Thereafter, the Defendants removed this action to this Court on March 28, 2008. (See Docket No. 1). Through their motion, the Defendants now seek to substitute the United States as the proper party defendant and to

dismiss the complaint for lack of subject matter jurisdiction because the Plaintiffs failed to file an administrative tort claim before commencing suit. (Docket No. 3).

On April 21, 2008, Your Honor referred this case to me for general pretrial management. (Docket No. 7). Thereafter, I directed counsel to appear for an initial conference on May 14, 2008, which was subsequently rescheduled to May 21, 2008. (Docket Nos. 8-9). On May 20, 2008, the Plaintiffs' counsel, Jason Shapiro, Esq., requested an adjournment. By memorandum endorsement, I adjourned the conference to June 4, 2008, but directed Mr. Shapiro to respond to the Defendants' motion to dismiss by June 2, 2008. (Docket No. 10). Since then, Mr. Shapiro has not filed any opposition papers. Although he sent another attorney to the June 4 conference, that attorney was unable to provide any colorable justification for Mr. Shapiro's noncompliance. I also have not heard from Mr. Shapiro since the conference.

III.   Discussion

A.   Substitution of the United States

The Defendants' papers establish that, pursuant to the Public Health Service Act, as amended 42 U.S.C. § 201, et seq. (the "Act"), Morris Heights qualifies as a public health center entitled to federal assistance. (See Torres Decl. ¶ 5 & Ex. 1; see also Defs.' Mem. at 4 (citing 42 U.S.C. § 233(g)(1)(D)-(G)). Accordingly, under the Act, Morris Heights and its employees are deemed to be United States government employees. (See Torres Decl. ¶¶ 5-6 & Ex. 1). The FTCA is therefore the Plaintiffs' exclusive remedy

3

against the Defendants, provided that the Defendants were acting within the scope of their employment.  See Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005); Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).  The United States Attorney for the Southern District of New York has so certified.  (Onozawa Decl. Ex. 3).  Consequently, the United States is the appropriate defendant in this case.  See Celestine, 403 F.3d at 80 ("Upon certification . . . [and] remov[al], the United States can replace the named defendant as the allegedly liable party – and the case proceeds as a FTCA suit.") (internal citation omitted).

    B.    Dismissal for Lack of Subject Matter Jursidiction

The Defendants also have moved to dismiss the Plaintiffs' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Plaintiffs failed to file an administrative tort claim with HHS.  Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional authority to adjudicate it.  See Fed. R. Civ. P. 12(b)(1).  In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court is not limited to the face of the complaint and may consider evidence outside the pleadings.  See Phifer v. City of N.Y., 289 F.3d 49, 55 (2d Cir. 2002); Robinson v. Gov't of Malaysia, 269 F.3d 133, 140-41 (2d Cir. 2001); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).  Ultimately, the plaintiff has the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction to hear

her claims. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

To establish jurisdiction in a case under the FTCA, a claimant must show that she "first presented the claim to the appropriate Federal agency" and that the claim was "finally denied." 28 U.S.C. § 2675(a). Additionally, "[p]ursuant to 28 U.S.C. § 2401(b), a tort claim against the United States is 'forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues,' or within six months after the 'notice of final denial of the claim by the agency to which it was presented.'" Czetwertynski v. United States, 514 F. Supp. 2d 592, 595 (S.D.N.Y. 2007). FTCA exhaustion is jurisdictional in nature and thus cannot be waived. Celestine, 403 F.3d at 82; Czetwertynski, 514 F. Supp. 2d at 595 (citing Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983)).

Here, the Defendants' papers establish that the Plaintiffs never filed an administrative claim with HHS, the proper federal agency. (Torres Decl. ¶¶ 1-4; Defs.' Mem. at 8). Accordingly, the Plaintiffs plainly have failed to exhaust their administrative remedies and cannot meet their burden of proving that this Court has subject matter jurisdiction over the action. Indeed, by failing to respond to the motion, the Plaintiffs impliedly concede this point.

IV.   Conclusion

For the foregoing reasons, the Defendants' unopposed motion to substitute the United States as the proper party defendant, and thereafter to dismiss the complaint, (Docket No. 3), should be granted.

V.   Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have objections to this Report and Recommendation, they must, within ten days from today, make them in writing, file them with the Clerk of the Court, and send copies to the chambers of the Honorable Barbara S. Jones and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Jones. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated:   New York, New York
         June 12, 2008

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Jason Shapiro, Esq.
Shapiro Law Office
Fax: (718) 295-7575

Tomoko Onozawa, Esq.
Assistant United States Attorney
Fax: (212) 637-2686